IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALDO T. OWEN-WILLIAMS, II | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.  RWT-15-1811 |
| MICHAEL HIGGS, ESQ., | * | |
| KATJA BULLOCK, | | |
| RKESHKUMAR "DWIGHT" PATEL, | * | |
| MARK UNCAPHER, ESQ., and | | |
| MONTGOMERY COUNTY MARYLAND | * | |
| REPUBLICAN CENTRAL COMMITTEE | | |
| | * | |
| Defendants | | |

***

**MEMORANDUM**

This civil rights action was filed on June 19, 2015, together with a Motion to Proceed in Forma Pauperis.  Because he appears indigent, Plaintiff's motion shall be granted.

The Complaint is filed pursuant to 42 U.S.C. § 1983 for alleged violation of Plaintiff's First Amendment Rights.  ECF No. 1.  Additionally, Plaintiff asserts pendent state claims of defamation, breach of contract, and intentional infliction of emotional distress.  Plaintiff states he is a long standing member of the Montgomery County Maryland Republican Party.  He claims that he has held various positions within the party through nominations, appointments, and elections at the County, State, and National levels.  *Id.* at 2 – 3.

Plaintiff asserts that 15 years ago he was unanimously nominated by the Montgomery County Republican Central Committee (the "MCRCC") as its nominee to sit on the Board of Elections pending approval by the sitting Governor and the State Senate.  Plaintiff's nomination was not approved by then Governor Martin O'Malley, a Democrat, and Plaintiff claims he was promised that if he accepted an assignment to the Board of Elections as the MCRCC liaison, he

would again be the MCRCC nominee to sit on the Board of Elections should a Republican gubernatorial candidate win the election. Plaintiff alleges he accepted this arrangement and attended Board of Election meetings for four years in the role of liaison. *Id.* at 3.

In 2013, Plaintiff claims Michael Higgs worked out a "power sharing agreement" with the Chairman, Mark Uncapher, whereby Higgs would become Chairman of the MCRCC. Plaintiff alleges this arrangement was "in violation of the County and State By-Laws," but does not provide a citation to those laws. *Id.* at 3-4. The remainder of the Complaint is a long history of Plaintiff's allegations that Higgs targeted him for mistreatment and would not permit Plaintiff to speak at functions of the MCRCC.

The only federal cause of action asserted is an allegation that Defendants violated Plaintiff's First Amendment rights. In order to successfully assert a claim of a violation of constitutional rights, the named defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be state officials, persons who have acted with state officials, persons who have obtained significant aid from state officials, or persons whose conduct is somehow attributable to the state. *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Private action can be attributable to the state if the private action has a "sufficiently close nexus with the state." *Id.* at 507 (internal quotation marks omitted). Whether there is a "close nexus depends on whether the state has exercised coercive power or has provided such significant encouragement…that the choice must in law be deemed to be that of the state." *Id.* (internal quotation marks omitted).

The Fourth Circuit has held that there are four circumstances under which private conduct can be the subject of a state action:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear

constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Id.*

With those considerations in mind, Defendants cannot be considered state actors here based on the conduct that forms the basis of Plaintiff's allegations. Plaintiff alleges that Defendants violated his First Amendment rights by voting him out of the MCRCC, by silencing him during meetings, and by retaliating against him for his speech. ECF No. 1 at 10. None of this is conduct directed by or in service of the interests of Montgomery County, the state of Maryland, or any other governmental entity. These are purely private actions by purely private actors regarding the internal affairs of the MCRCC.

Courts addressing the issue have routinely refused to consider similar allegations against local or state party committees to be state action. For example, in *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198 (3d Cir. 2009), a member of a county party committee alleged that the defendants retaliated against her when she supported a different candidate than the party committee, violating her First Amendment rights. *Id.* at 199-200. The Third Circuit affirmed dismissal of the complaint, holding that any retaliation the plaintiff suffered was not a result of state action, and refusing to "elevate internal party issues to a constitutional level." *Id.* at 202. The situation in *Max* is analogous to the situation here, and the Court will not elevate the internal

3

conflicts of MCRCC to a constitutional level.[1]  There being no state action, Plaintiff has no § 1983 claim.

The remaining claims for breach of contract, defamation, and intentional infliction of emotional distress are based solely on state law.  While these types of claims may be asserted in this Court where the amount in controversy exceeds the sum or value of $75,000 and the parties in the action are citizens of different States, diversity of citizenship does not exist among the parties named.  *See* 28 U.S.C. § 1332.  Plaintiff resides in Montgomery County, Maryland and all Defendants reside in Maryland.  Without reaching the merits of the state law claims, this Court will, by separate order, dismiss them without prejudice.  Plaintiff may, if he so desires, assert these claims in the appropriate state forum.

July 27, 2015                                                            /s/
Date                                                                  ROGER W. TITUS
                                                                      UNITED STATES DISTRICT JUDGE

---

[1] *See also Banchy v. Republican Party of Hamilton Cnty.*, 898 F.2d 1192, 1193-95 (6th Cir. 1990) (noting that, although the state delegates certain duties to party committee that could be considered state action, that does not transform all party actions into state actions, and dismissing claim arising from party's refusal to allow plaintiffs to participate in internal elections);  (*Steigmann v. Democratic Party of Illinois*, 406 F. Supp. 2d 975, 990-91 (N.D. Ill. 2005) (dismissing § 1983 claims based on alleged violations of First Amendment against state party committee); *Gritton v. Disponett*, 332 Fed. App'x 232 (6th Cir. 2009) (party committee not a state actor for purpose of § 1983 First Amendment claim).